DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Mary Augsbury, appeals the judgment of the Summit County Court of Common Pleas, Probate Division, which granted summary judgment in favor of appellees, James C. Friess and Stephanie M. Weaks, and dismissed appellant's complaint. This Court affirms.
 I. {¶ 2} Mary Elizabeth Friess died on October 14, 2004. She was predeceased by her husband of 64 years, George Friess. Mary Elizabeth and George had nine children, two of whom predeceased them. Appellant and appellees are three of the Friesses' children who would be entitled to inherit under the Ohio statute of descent and distribution.
 {¶ 3} In 1993, Mary Elizabeth and George Friess executed estate planning documents, including wills and trust. Appellant was named as co-executor of each will and co-trustee of each trust. The Friesses amended their estate planning documents on January 4, 1995, and removed appellant as co-executor and co-trustee. Mary Elizabeth and George Friess subsequently relocated to Florida and amended their estate planning documents several more times prior to George's death. Appellant was never renamed as a co-executor or co-trustee.
 {¶ 4} After George's death, Mary Elizabeth sold her Florida residence and relocated to Ohio. She again amended her estate planning documents and executed a last will and testament on June 10, 2004. Mary Elizabeth died on October 14, 2004. Her will was admitted to Summit County Probate Court on December 17, 2004. Appellees are named as the co-executors of Mary Elizabeth's will.
 {¶ 5} On March 17, 2005, appellant filed a complaint contesting her mother Mary Elizabeth's will. Appellant named Mary Elizabeth's surviving children and deceased children's children as defendants. Appellant alleged two counts, to wit that Mary Elizabeth did not have the requisite testamentary capacity to execute the will admitted to probate and that Mary Elizabeth's will is invalid because she was "under restraint" due to undue influence at the time of the execution of her will. Appellees answered, denying the allegations in the complaint.
 {¶ 6} Appellees filed a motion for summary judgment, attaching evidentiary materials in support. Appellant opposed the motion for summary judgment, and appellees replied. On June 5, 2006, the probate court granted summary judgment in favor of appellees and dismissed appellant's complaint for will contest. Appellant timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 {¶ 7} Although the probate court determined that no genuine issue of material fact existed in regard to both testamentary capacity and undue influence, appellant argues that the trial court erred by granting summary judgment in favor of appellees solely in regard to the issue of undue influence. This Court disagrees.
 {¶ 8} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 {¶ 11} In order for appellant to prevail on her will contest on the basis of undue influence, she must prove the existence of the following elements: "(1) a susceptible testator, (2) another's opportunity to exert [improper influence], (3) the fact of improper influence exerted or attempted and (4) the result showing the effect of such influence."West v. Henry (1962), 173 Ohio St. 498, 510-11. The
West court further stated that:
 "'* * *undue influence invalidating a will is that which substitutes the wishes of another for those of the testator. * * * It must be such as to control the mental operations of the testator in the making of his will, overcome his power of resistance, and oblige him to make a disposition of his property which he would not have made if left to act freely according to his own wishes and pleasure.' 57 American Jurisprudence, 258, 259, Wills, Sections 350 and 351.
 "Similarly, `undue influence to avoid a will, must so overpower and subjugate the mind of the testator as to destroy his free agency and make him express the will of another rather than his own, and the mere presence of influence is not sufficient. Undue influence must be present or operative at the time of the execution of the will resulting in dispositions which the testator would not otherwise have made.' 94 C.J.S. Wills § 224, p. 1064.
 "General influence, however strong or controlling, is not undue influence unless brought to bear directly upon the act of making the will. * * *
 "* * *
 "The mere existence of undue influence, or an opportunity to exercise it, although coupled with an interest or motive to do so, is not sufficient, but such influence must be actually exerted on the mind of the testator with respect to the execution of the will in question. It must be shown that such influence, whether exerted at the time of the making of the will or prior thereto, was operative at the time of its execution or was directly connected therewith. It must be shown that undue influence was exercised with the object of procuring a will in favor of particular parties." West, 173 Ohio St. at 501.
 {¶ 12} Mary Elizabeth Friess devised certain real property to appellee James C. Friess in her will, executed June 10, 2004 and admitted to probate on December 17, 2004. She devised the remainder of all her property to the then serving trustee of her previously executed revocable trust, originally dated September 16, 1993 and restated June 10, 2004. Appellees were named as co-executors of her will. Appellant alleged that Mary Elizabeth was improperly and unduly influenced by one or more of the defendants.
 {¶ 13} Appellee Stephanie Weaks averred in her affidavit that she had a long-standing close relationship with her mother and she was well aware of her mother's independence until the time of her death. Ms. Weaks averred that Mary Elizabeth made her own decisions regarding medical issues, her residence and her finances without the assistance of others. Ms. Weaks averred that her mother told her in the spring of 2004 that she planned to change her estate plan but that Ms. Weaks did not make any suggestions regarding her mother's estate plan. Ms. Weaks averred that she was aware that appellant had no contact with their mother for several years prior to Mary Elizabeth's death.
 {¶ 14} Appellee James C. Friess averred in his affidavit that he also enjoyed a close relationship with his mother during his entire life. He averred that he knew his mother to handle her business, including financial decisions, independently. Mr. Friess averred that his mother told him in the spring of 2004 that she planned to make changes to her estate plan but that he did not make any suggestions regarding any such changes. Mr. Friess averred that he was aware that appellant had no contact with their mother for several years prior to Mary Elizabeth's death. Both appellees averred in their respective affidavits that they knew their mother to be in total control of her own life, specifically in 2004, and that Mary Elizabeth was never in a position in which she could be manipulated or controlled by any other person.
 {¶ 15} Attorney Joel Aberth averred in his affidavit that he met with Mary Elizabeth on April 26, 2004 to discuss her family situation, finances and estate planning goals. Attorney Aberth averred that he prepared estate planning documents which Mary Elizabeth reviewed and returned with modifications. Mr. Aberth averred that he met with Mary Elizabeth on June 10, 2004, at which time she reviewed the estate planning documents and properly executed all forms. Attorney Aberth did not assert that any other person accompanied Mary Elizabeth to their meetings regarding her estate planning.
 {¶ 16} Harry A. Donovan, a certified public accountant, averred in his affidavit that he and his wife were "best friends" with Mary Elizabeth and George Friess during their lives. Mr. Donovan averred that he was aware of the Friesses' family and business relationships, as well as their financial concerns and status. He averred that he assisted the Friesses in matters pertaining to their finances. Mr. Donovan averred that he discussed with Mary Elizabeth her need to update her estate planning after her husband's death. He averred that Mary Elizabeth expressed a concern for providing for her children and grandchildren with whom she had a close relationship. Mr. Donovan averred that Mary Elizabeth told him that she had not seen appellant in over two years.
 {¶ 17} Mr. Donovan averred that he met with Mary Elizabeth to discuss her family and estate planning on June 1, 2004, June 8, 2004, June 17, 2004, and June 27, 2004, and that she was not under any duress from any source at those times. He averred that all of her decisions regarding the matters they discussed were made independently by her. Finally, Mr. Donovan averred that the terms of Mary Elizabeth's June 10, 2004 will are consistent with her intentions as she expressed them during their various meetings and conversations.
 {¶ 18} Richard W. Burke, averred in his affidavit that he lived next door to Mary Elizabeth from December 1986 through October 2004. He averred that she lived by herself without assistance or interference and that she appeared to be confident and independent in every sense.
 {¶ 19} Attorney Timothy Champion averred in is affidavit that he had known Mary Elizabeth Friess since he was a young child. He averred that she called to him when she noticed him walking past the conference room in which she was waiting to discuss her estate planning with her attorney. Mr. Champion averred that her demeanor, conversation and appearance were relaxed at that time.
 {¶ 20} This Court finds that appellees presented evidence to establish that Mary Elizabeth Friess maintained an independent life, free from any improper influence or duress at the time she executed her June 10, 2004 will. Based on the evidence presented, this Court finds that appellees met their initial burden to show that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. SeeDresher, 75 Ohio St.3d at 293. Appellant, however, has failed to meet her reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. See Tompkins, 75 Ohio St.3d at 449.
 {¶ 21} Appellant attached two exhibits to her opposition to appellees' motion for summary judgment. First, appellant appended her own affidavit in which she reasserted her belief that her mother had been unduly influenced in changing her will. Appellant failed, however, to set forth any evidence based upon her personal knowledge to demonstrate any undue influence upon Mary Elizabeth Friess. Second, appellant appended the unsworn and partially answered affidavit of her daughter Leah Paul. The probate court properly found that Ms. Paul's purported affidavit was not competent evidence of any probative value and did not consider it. Under the circumstances, this Court finds that appellant failed to respond with any evidence setting forth specific facts which would demonstrate that a genuine issue of material fact remains to be litigated. SeeTompkins, 75 Ohio St.3d at 449. Accordingly, the probate court did not err by granting summary judgment in favor of appellees and dismissing appellant's complaint upon a will contest. Appellant's assignment of error is overruled.
 III. {¶ 22} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
DONNA J. CARR FOR THE COURT
MOORE, J. WHITMORE, P. J. CONCUR